Michael R. Marrinan, Esq. (SBN 90484)
LAW OFFICES OF MICHAEL R. MARRINAN
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone:  (619) 238-6900
Facsimile:   (619) 238-1097
Email: mrmarrinan@aol.com

Thomas E. Robertson, Esq. (SBN 262659)
LAW OFFICES OF THOMAS E. ROBERTSON
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone:  (619) 544-9911
Facsimile:   (619) 238-1097
Email: thomas@robertsonSDlaw.com

Joseph M. McMullen, Esq. (SBN 246757)
LAW OFFICES OF JOSEPH M. McMULLEN
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone:  (619) 501-2000
Facsimile:   (619) 615-2264
Email: joe@jmm-legal.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS WILKERSON, TYLER WILKERSON, ANDREW HARLIN and VICTORIA GARCIA,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, KEVIN ARMENTANO, CHAD MENDENHALL, GREGORY MINTER, CRAIG SHUMATE, JOHN STEFFEN and DOES 1-20,<br><br>　　　　Defendants.<br>_____ | Case No. 12cv2994-WQH (BGS)<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br><br><br>Pretrial Hrng.:　January 9, 2014<br>Time:　　　　　10:00 a.m.<br>Trial:　　　　　February 3, 2014<br>Time:　　　　　9:00 a.m.<br>Courtroom:　　14B<br>Judge:　　　　 Hon. William Q. Hayes |

# INTRODUCTION/STATEMENT OF THE CASE

This is a civil rights case brought pursuant to 42 U.S.C. section 1983 et seq. Plaintiffs allege they were falsely arrested and subjected to excessive force by the defendant police officers, in violation of their Fourth Amendment rights. State law claims of negligence, battery, false arrest and Civil Code §52.1 civil rights violations are alleged as well.

# SUMMARY OF FACTS

On December 3, 2011 at approximately 2:00 a.m., Plaintiffs were walking down E Street in downtown San Diego. Plaintiffs were accosted by a man who made rude comments to Plaintiff Victoria Garcia. When Plaintiff Travis Wilkerson told the man to have some respect for his wife, he was suddenly sucker-punched by the man. The man apparently saw police officers nearby and quickly ran off with his friends.

Defendants approached and violently grabbed Travis Wilkerson and threw him to the ground, without cause or necessity. Mr. Wilkerson's head hit the pavement, causing a serious head injury, abrasions to his face and head and two chipped teeth. Mr. Wilkerson was handcuffed and arrested without probable cause. He was pepper-sprayed, without justification. Handcuffs were applied in an excessively tight manner, causing pain and injury. The force and violence used by the defendant police officers was wholly unnecessary and grossly excessive. Travis Wilkerson was taken to jail. No charges were filed against him.

Tyler Wilkerson (recently deceased) asked the officers why they were arresting his brother and if it was necessary to slam him to the ground. Tyler was then grabbed, kneed in the leg, handcuffed and arrested without probable cause. He was pepper sprayed and taken to jail without justification, necessity or probable cause. No charges were filed against him.

Plaintiff Andrew Harlin saw the defendant officers grab his friend, Travis Wilkerson, throw him to the ground and injure him. When Mr. Harlin questioned

what was going on, he was grabbed from behind, taken to the ground and handcuffed for no reason. An officer repeatedly slammed Mr. Harlin's face and head into the pavement, knocking him out and causing severe injuries. This, and the other force used by the defendant officers was wholly unnecessary, unjustified and grossly excessive. Mr. Harlin was taken by ambulance to the hospital where he was treated for his injuries, including a concussion and a lacerated lip which required stitches. No charges were filed against him.

Plaintiff Victoria Garcia saw her husband, Travis Wilkerson, grabbed by the defendant officers, thrown to the ground, and his head repeatedly slammed into the pavement. She also saw Andrew Harlin taken down and his head slammed into the pavement. She saw Mr. Harlin vomit and lose consciousness. When Ms. Garcia complained about these actions and asked questions, she was arrested without probable cause and taken into custody. No charges were filed against her.

All plaintiffs suffered physical and emotional injuries in this incident.

# I

# LIABILITY FOR UNLAWFUL SEIZURE/FALSE ARREST

## A. Detention

A detention or seizure is unlawful unless it is supported by reasonable suspicion that the person is involved in criminal activity. Brown v. Texas, 443 U.S. 47, 51 (1979); United States v. Cortez, 449 U.S. 411, 417-18 (1981); Morgan v. Woessner, 997 F.2d 1244, 1252, 1254 (9th Cir.1993).

0A Fourth Amendment seizure occurs when a police officer, "through coercion, 'physical force, or a show of authority, in some way restricts the liberty of a person.' " United States v. Washington, 387 F.3d 1060, 1068 (9th Cir.2003), quoting from United States v. Chan-Jiminez, 125 F.3d 1324, 1325 (9th Cir.1997). "A person's liberty is restrained when, 'taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police

presence and go about his business.' " <u>Washington</u>, 387 F.3d at 1068, quoting from <u>Florida v. Bostick</u>, 501 U.S. 429, 437 (1991).

It should be noted that verbal opposition to an officer's acts is not a crime and cannot justify a person's arrest. <u>City of Houston v. Hill</u>, 482 U.S. 451,462-63 (1987); <u>Mackinney v. Nielsen</u>, 69 F.3d 1002, 1006-1007 (9th Cir.1995). Moreover, a citizen cannot be arrested for verbally protesting an officer's actions. Asserting First or Fourth Amendment rights cannot be a crime, nor can it be evidence of a crime. <u>U.S. v. Prescott</u>, 581 F.2d 1343, 1350-51 (9th Cir.1978); <u>Mackinney</u>, 69 F.3d at 1007-08.

Where a person is detained in the absence of "reasonable suspicion of criminal activity", the detention is unlawful and the officer is not engaged in the lawful performance of his duties. See, e.g., <u>Morgan v. Woessner</u>, 997 F.2d 1244, 1252, 1254 (9th Cir.1993). In such a situation an arrest for Penal Code § 148 is unlawful. See Penal Code § 148; CALJIC 16.110; CALCRIM 2670; <u>In re Manuel G.</u>, 16 Cal.4th 805, 815 (1997) [officer is *not* engaged in the performance of his duties where he makes or attempts to make an unlawful detention or arrest].

**B. <u>Arrest</u>**

An arrest without probable cause is an unlawful seizure and thus violates the Fourth Amendment. <u>Dunaway v. New York</u>, 442 U.S. 200, 208 (1979); <u>Caballero v. City of Concord</u>, 956 F.2d 204, 206 (9th Cir.1992); <u>McKenzie v. Lamb</u>, 738 F.2d 1005, 1008 (9th Cir. 1984); <u>Barlow v. Ground</u>, 943 F.2d 1132, 1135 (9th Cir. 1991).

Probable cause to arrest exists "where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." <u>McKenzie</u>, supra, 738 F.2d at 1008, quoting from <u>Dunaway</u>, supra, 442 U.S. at 208, n. 9; <u>Kennedy v. Los Angeles Police Dept.</u>, 901 F.2d 702, 705 (9th Cir.1988).

Absent such probable cause, an arrest is unlawful and violates the Fourth Amendment.

### C. California Law

The legal standard for a false arrest claim under California law is essentially the same as under federal constitutional law.

Under California law, a police officer may arrest a citizen without a warrant when the officer has probable cause to believe the person to be arrested has committed a crime in the officer's presence. Where probable cause does not exist, the arrest is unlawful. Penal Code § 836; Dragna v. White, 45 Cal.2d 469, 471 (1955).

In the present case, the evidence will show that there was no reasonable suspicion to detain these plaintiffs, nor was there probable cause to arrest them. Thus, they were unlawfully seized in violation of their Fourth Amendment rights.

## II

## LIABILITY FOR UNREASONABLE FORCE/BATTERY

The excessive use of force by a law enforcement officer during a detention, arrest or search constitutes a violation of the Fourth Amendment, and is actionable under 42 U.S.C. section 1983. Graham v. Connor, 490 U.S. 386 (1989); Barlow v. Ground, supra, 943 F.2d at 1135-36.

"Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir.2002), citing Graham, supra, 490 U.S. at 395. Even excessively tight handcuffs can constitute a violation of the Fourth Amendment. Santos, supra, 287 F.3d at 854, citing Palmer v. Sanderson, 9 F.3d 1433, 1436 9th Cir.1993).

As in other Fourth Amendment contexts, "the 'reasonableness' inquiry in an excessive force case in an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."

1  Graham, supra, 490 U.S. at 397.

2  Similarly, under California law a police officer may use such force as is
3  reasonably necessary to effect a lawful arrest.  If the officer uses force that is
4  unnecessary or excessive, he commits a battery and is civilly liable.  See CACI
5  1305; BAJI 7.50, 7.51 and 7.54; Scruggs v. Haynes, 252 Cal.App.2d 256, 262
6  (1967); People v. Castain, 122 Cal.App.3d 138, 145 (1981).

7  Thus, as to these causes of action, the issue for the jury to determine is
8  whether the force used by the officers was reasonably necessary or "objectively
9  reasonable" under the circumstances.  As in most excessive force cases, this turns
10 on which version of facts the jury believes, for "police misconduct cases almost
11 always turn on a jury's credibility determinations."  Santos, supra, 287 F.3d at 853.
12 This is certainly true in the instant case.

13 If the jury finds the force used to be unreasonable under the circumstances,
14 the plaintiffs may recover damages for all physical and emotional injuries they
15 sustained.  42 U.S.C. section 1983; Graham, supra.

### III

### LIABILITY FOR NEGLIGENCE

18 It is well settled under California law that a police officer may be sued for
19 negligence.  California Government Code § 820; Munoz v. Olin (1979) 24 Cal.3d
20 629.  It is equally well settled that a public entity may be sued for the torts of its
21 employees, for which the public entity is vicariously liable.  Government Code §
22 815.2; Toney v. State (1976) 54 Cal.App.3d 779.

23 California Government Code § 820 specifically provides for the liability of
24 public employees who cause injury due to their wrongful acts or omissions.

25 The public entity is vicariously liable for the torts of its employees,
26 pursuant to Government Code section 815.2(a).

27 Under California law, plaintiff need not identify the responsible employee.
28 He need only prove that some city employee is responsible.  Toney v. State, 54

Cal.App.3d 779, 788 (1976).

The respondeat superior principle of Government Code section 815.2(a) includes both negligent acts and intentional torts. See, e.g., Ramos v. Madera (1971) 4 Cal.3d 685; Allison v. Ventura (1977) 68 Cal.App.3d 689; Ruppe v. City of Los Angeles (1921) 186 Cal. 400. A plaintiff may go to the jury on both negligent and intentional tort theories. Grudt v. City of Los Angeles, 2 Cal.3d 575, 586 (1970); Munoz v. Olin, 24 Cal.3d 629, 634 (1979).

As in Grudt and Munoz, the jury in the instant case will have to decide not only if the deputies' acts constituted the intentional tort of battery, but also whether the officers' "conduct falls within or without the bounds of ordinary care." Grudt, supra, 2 Cal.3d at p. 587; Munoz, supra, 24 Cal.3d at p. 637.

Even if a deputy is found to have acted intentionally, intentional acts can also result in "negligence" liability, if the jury finds that defendants failed to use ordinary or reasonable care. See, e.g., Munoz, supra, 24 Cal.3d at 635-637 [upholding negligence verdict for intentional shooting].

## IV

## CIVIL CODE SECTION 52.1

California Civil Code § 52.1 provides that an individual whose state or federal constitutional rights have been violated by threats, intimidation or coercion may bring an action for damages under California law. Civil Code § 52.1(a) and (b).

This cause of action is on solid ground under California law. Not only does section 52.1 authorize this cause of action, but in Venegas v. County of Los Angeles, 32 Cal.4th 820, 841-43 (2004), the California Supreme Court specifically approved a section 52.1 cause of action where, as here, the plaintiff alleged interference with a constitutional or statutory right by threats, intimidation or coercion.

It should be noted that the plain language of § 52.1 indicates that it reaches statutory violations (such as battery and false arrest) as well as constitutional violations, so long as they are committed by threats, intimidation or coercion. Civil

Code § 52.1(a) and (b).

Thus, as to this cause of action the jury will have to determine whether there was a constitutional or statutory violation and, if so, whether it was done by threats intimidation or coercion.

## V
## DAMAGES

Plaintiffs are entitled to general and compensatory damages for all injuries and harm caused by the acts of the defendants. 42 U.S.C. § 1983, et seq.; Model Ninth Circuit Jury Instructions, Civil, Instr. 5.1 and 5.2.

In addition to compensatory damages, punitive damages may be awarded under federal law against the defendant officers. Under federal law, punitive damages may be awarded not only where malice is shown, but also where the defendants' acts involve a "reckless or callous indifference to the federally protected rights of others." Smith v. Wade (1983) 461 U.S. 30, 56; Gordon v. Norman (6th Cir. 1986) 788 F.2d 1194, 1199.

Punitive damages are available under California law as well. See CACI, 3940 and 3941.

Dated: December 1, 2014            Respectfully submitted,


**/s/ Michael R. Marrinan**
Attorney for Plaintiffs Travis Wilkerson
and Victoria Garcia
E-mail: mrmarrinan@aol.com


Dated: December 1, 2014

**/s/ Joseph M. McMullen**
Attorney for Plaintiff Andrew Harlin
E-mail: joe@jmm-legal.com